NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| PAUL ADRIAN ASKEW, : | |
| : | |
| Plaintiff, : | |
| : | Civil No. 06-2401 (RBK) |
| v. : | |
| : | **OPINION** |
| JOHN NASH, et al., : | |
| : | |
| Defendants. : | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon motion by defendants John Nash, Charles E. Samuels, Dr. Manuel A. Calagurio, and Dr. Nicoletta Turner (collectively "Defendants") to dismiss the claims of plaintiff pro se Paul Adrian Askew ("Plaintiff"). For the reasons set forth below, Defendants' motion will be granted.

I. Background

Plaintiff, an inmate at the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Ft. Dix"), submitted the above-captioned Complaint on June 14, 2006. Plaintiff's Complaint, brought pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388, 391 (1999), alleged that Defendants violated

1

Plaintiff's constitutional rights, as they ignored Plaintiff's repeated requests for advanced medical treatment of a leg injury, and that as a result, Plaintiff's leg injury worsened.

In the present motion, filed February 12, 2007, Defendants move for dismissal of the claims against them on the grounds that (1) Plaintiff alleges civil rights violations premised on the doctrine of respondeat superior, which is not permitted under Bivens; and (2) Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), codified at 42 U.S.C. § 1997e.[1]  Plaintiff has not filed a brief opposing Defendants' motion.

## II.  Standard

A motion to dismiss for failure to exhaust administrative remedies is treated as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Robinson v. Dalton, 107 F.3d 1018, 1022 (3d Cir. 1997).  However, once the parties go "beyond the face of the pleadings" to establish whether the administrative remedies have been exhausted, courts should treat the issue "in a manner consistent with Rule 56 for summary judgment."  Id.

---

[1] Because the Court now finds, as provided below, that Plaintiff has failed to exhaust his administrative remedies with regard to his claims against Defendants, the Court will not reach Defendants' additional argument.

2

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could find for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment. Celotex, 477 U.S. at 330. The moving party may satisfy this burden by either (1) submitting affirmative evidence that negates an essential element of the nonmoving party's claim; or (2) demonstrating to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's case. Id. at 331.

Once the moving party satisfies this initial burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). To do so, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Rather, to survive summary judgment, the nonmoving party must

"make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." Serbin, 96 F.3d at 69 n.2 (quoting Celotex, 477 U.S. at 322); Heffron v. Adamar of New Jersey, Inc., 270 F. Supp. 2d 562, 568-69 (D.N.J. 2003). "If the non-movant's evidence on any essential element of the claims asserted is merely 'colorable' or is 'not significantly probative,' the court must enter summary judgment in favor of the moving party." Heffron, 270 F. Supp. 2d at 69 (citing Anderson, 477 U.S. at 249-50).

Lastly, although Plaintiff has not opposed Defendants' motion, a district court may not grant a motion for summary judgment without examining the merits, solely on the basis that it is unopposed. Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991) (citing Anchorage Assoc. v. Virgin Islands Bd. of Tax Rev., 922 F.2d 168 (3d Cir. 1990)).

### III. Analysis

Under the PLRA, prisoners are precluded from contesting prison conditions in federal court until exhausting "all avenues of relief available to them within their prison's inmate grievance system." Spruill v. Gillis, 372 F.3d 218, 227 (3d Cir. 2004) (holding that the failure to "properly" exhaust

4

administrative remedies under the PLRA constitutes a procedural default").[2]  The purpose of the exhaustion requirement is "(1) to return control of the inmate grievance process to the prison administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous lawsuits."  Id. at 230.  With the requirement, Congress intended to afford "corrections officials time and opportunity to address complaints internally before allowing the initiation of federal case."  Id. at 227.

The exhaustion requirement's broad scope indicates that it "applies to all federal claims brought by any inmate," including claims related to specific incidents and claims of ongoing conditions.  Porter v. Nussle, 534 U.S. 516, 520, 532 (2002).

---

[2]  Specifically, section 803(d) of the PLRA provides that "[n]o action shall be brought with respect to prison conditions under 42 U.S.C. § 1983, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies are available and exhausted."  42 U.S.C. 1997e(a).  Bivens actions are simply the federal counterpart to § 1983 actions brought against state officials who violate federal constitutional or statutory rights.  Egervary v. Young, 336 F.3d 238, 246 (3d Cir. 2004), cert. denied, 543 U.S. 1049 (2005).  Both are designed to provide redress for constitutional violations.  Thus, while the to bodies of law are not "precisely parallel," there is a "general trend" to incorporate § 1983 law into Bivens suits.  Chin v. Bowen, 833 F.2d 21, 24 (2d Cir. 1987)).

Claims requiring exhaustion include allegations of poor or indifferent medical treatment.  Spruill, 372 F.3d at 236.  Additionally, the plaintiff must pursue to completion all available administrative remedies, even if they are not "plain, speedy, and effective," do "not meet federal standards," or could not result in the relief requested in the suit.  Nussle, 534 U.S. at 524.  Grievance procedures set forth in an inmate handbook constitute such a remedy, even if they are not formally adopted by any state administrative agency.  Concepcion v. Morton, 306 F.3d 1347, 1348, 1349 (3d Cir. 2002).

The prisoner must "carry the grievance through any available appeals process" before the remedies will be deemed exhausted.  Camino v. Scott, No. 05-4201, 2006 U.S. Dist. LEXIS 34893, 2006 WL 1644707, *4 (D.N.J. June 7, 2006) (citing Nyhuis, 204 F.3d at 67; Spruill, 372 F.3d at 232).  Failure to exhaust remedies mandates dismissal of the inmate's claim.  Booth v. Churner, 532 U.S. 731, 739 (2001); Wilkins v. Bittenbender, No. 04-2397, 2006 U.S. Dist. LEXIS 20179, 2006 WL 860140 (M.D. Pa. Mar 31, 2006); Ahmed v. Sromovski, 103 F. Supp. 2d 838, 843 (E.D. Pa. 2000).

In the instant case, the Bureau of Prisons has established an administrative remedy procedure through which an inmate can seek review of any complaint regarding any aspect of his imprisonment.  See 28 C.F.R. § 542, et seq.  In order to exhaust

administrative remedies, an inmate must first present his complaint to the Warden of the institution where he is confined. 28 C.F.R. 542.14. He may then further appeal an adverse decision to the Regional Director within twenty calender days of the date the Warden signed the response. 28 C.F.R. 542.15(a). An inmate who is not satisfied with the Regional Director's response may submit an appeal to the Central Office, General Counsel, within thirty calender days of the date of the date the Regional Director signed the response. Id. An appeal to the General Counsel is the final administrative appeal. Id.

Defendants assert that Plaintiff has failed to exhaust the required steps before filing his Complaint. The Bureau of Prisons indexes all administrative appeals filed by inmates in the SENTRY database system. (Defs.' Br. Ahmed Decl. ¶ 4.) The SENTRY record shows that Plaintiff has not exhausted the steps required by 28 C.F.R. 542.15(a) prior to filing his Complaint. (Defs.' Br. Ahmed Decl. Ex. 1-2.) Moreover, Plaintiff does not contest Defendants' assertions as he has not filed a brief opposing Defendants' motion. Accordingly, this Court finds that Plaintiff has failed to exhaust administrative remedies before bringing this action as required by the PLRA.

**IV. Conclusion**

    Based on the foregoing reasoning, Plaintiff's claims against Defendants will be dismissed for failure to exhaust administrative remedies pursuant to the PLRA.  The accompanying Order shall issue today.


Dated: <u>July 18, 2007</u>        <u>s/ Robert B. Kugler     </u>
                                    ROBERT B. KUGLER
                                    United States District Judge